1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IVAN VON STAICH,

11             Plaintiff,                    No. CIV S-11-2194 CKD

12        vs.

13   RICHARD ATWOOD,

14             Defendant.                    ORDER &

15                                           FINDINGS AND RECOMMENDATIONS

16   _____/

17             Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

19   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21             Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10          Here, plaintiff appears to have filed a complaint virtually identical to the one he

11  earlier filed in the Central District of California.  He alleges that Dr. Richard Atwood, a state-

12  licensed psychologist working for the Board of Prison Hearings,

13          conducted an assessment for the Board of Prison Hearings of
        plaintiff's future risk for danger in the community if released on
14          parole, without plaintiff's written consent as allegedly required
        under § 3363 of Title 15 of the California Code of Regulations;
15          that, in connection with his assessment, Dr. Atwood conducted an
        allegedly unauthorized review of plaintiff's C-file, which included
16          confidential medical records, without any written consent to do so;
        that Dr. Atwood allegedly had no evidence to justify his
17          assessment of plaintiff's future danger risk as "moderate to high";
        that, in arriving at his assessment, Dr. Atwood used two
18          psychological tests that plaintiff contends were "unauthorized" and
        "inappropriate"; and that Dr. Atwood falsely stated in his report
19          that plaintiff had committed other "violent" crime and that plaintiff
        had no insight or remorse in regard to his 1983 commitment
20          offense. Plaintiff purports to be suing Dr. Atwood in both his
        official and his individual capacities, and purports to be seeking
21          compensatory and punitive damages. He also purports to be
        seeking injunctive relief (a) preventing the Board of Parole
22          Hearings from relying on Dr. Atwood's report at plaintiff's
        upcoming . . . subsequent parole hearing, (b) ordering a new
23          hearing if the parole hearing already has occurred, and (c) requiring
        the removal and/or redaction of Dr. Atwood's report from all Board
24          and prison files.

25  Von Staich v. Atwood, No. CV 11-1112-DDP (RNB), 2011 WL 3319998 (C.D. Cal. Feb. 24,

26  2011) (report and recommendations adopted by district court July 29, 2011).

1    In that case, the assigned magistrate judge issued a report and recommendation

2  that the complaint be dismissed without leave to amend.  Specifically, the court determined at the

3  screening stage that: (A) The Eleventh Amendment bars plaintiff's claims for monetary damages

4  against Dr. Atwood in his official capacity; (B) Dr. Atwood is immune from damages liability in

5  his individual capacity; and (C) plaintiff has failed to state a claim for injunctive relief against

6  Dr. Atwood.  (Id.)  The court further noted that, for various reasons, plaintiff could not cure his

7  complaint by amending to add the Board of Parole hearings as a defendant.  (Id., fn.2.)  The

8  undersigned agrees with the analysis in that report.  See United States v. Wilson, 631 F.2d 118,

9  119 (9th Cir. 1980) (stating that a court may take judicial notice of court records in another case);

10  accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).  Moreover, the instant

11  action is barred under the doctrine of res judicata, which bars the re-litigation of claims

12  previously decided on their merits.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051

13  (9th Cir. 2005).   For the foregoing reasons, the court will recommend dismissal of this action

14  with prejudice.

15    In accordance with the above, IT IS HEREBY ORDERED that:

16    1. Plaintiff's motion to proceed in forma pauperis is granted;

17    2. The Clerk of Court assign a district judge to this action.

18    IT IS HEREBY RECOMMENDED that the complaint (Dkt. No. 1) be dismissed

19  with prejudice.

20    These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

22  one days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25  shall be served and filed within fourteen days after service of the objections.  The parties are

26  advised that failure to file objections within the specified time may waive the right to appeal the

1   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2      Dated: April 5, 2012

3
                                                    _____
4                                                   CAROLYN K. DELANEY
                                                    UNITED STATES MAGISTRATE JUDGE
5

6
2
7   vons2194.B

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26